IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH M KAMINSKI, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 5:23-cv-04962-JMG |
| | : | |
| THE OFFICE OF DISTRICT ATTORNEY | : | |
| OF NORTHAMPTON COUNTY, *et al.*, | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                                                   **August 26, 2024**

Plaintiff Joseph Kaminski alleges multiple claims against Defendants Officer Peterson Mythril and the Northampton County District Attorney's Office, arising from his arrest on June 19, 2020, where he was charged with one criminal count: Theft By Deception, False Impression (18 Pa. Crimes Code § 3922 §§ Al). Before the Court are motions to dismiss from each Defendant. For the following reasons, the motions are granted.

**I.      BACKGROUND[1]**

On or about June 19, 2020, after "the urging of the alleged victim," Defendant Officer Mythril filed a state court criminal charge accusing Plaintiff of Theft By Deception, False Impression (18 Pa. Crimes Code § 3911 §§ A1). Compl., ECF No. 1 at ¶¶ 13, 31. Officer Mythril did so without speaking to or interviewing Plaintiff. *Id.* at ¶ 14. At all relevant times, Plaintiff maintained his innocence. *Id.* at ¶ 19. After the criminal charge was filed, Plaintiff was arraigned and subject to bail conditions. *Id.* at ¶ 16. After a preliminary hearing, the Northampton County

---

[1] For purposes of the Motions to Dismiss, the Court accepts as true the allegations set forth in Plaintiff's Complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

District Attorney charged Plaintiff by Information. *Id.* at ¶ 18. Subsequently, on January 10, 2022, a Northampton County Judge dismissed the charge. *Id.* at ¶ 21.

## II. STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). In other words, "there must be some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234–35 (3d Cir. 2008).

Federal courts in the Third Circuit deploy a three-step analysis when faced with motions to dismiss. First, the Court identifies "the elements [the] plaintiff must plead to state a claim." *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 675). Next, the Court identifies "allegations that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, the Court assumes the veracity of well-pleaded factual allegations, "and then determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679). For purposes of this analysis, the Court "accept[s] all factual allegations as true, [and] construe[s] the Complaint in the light most favorable to the Plaintiff." *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011).

District Attorney charged Plaintiff by Information. *Id.* at ¶ 18. Subsequently, on January 10, 2022, a Northampton County Judge dismissed the charge. *Id.* at ¶ 21.

## II.    STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). In other words, "there must be some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234–35 (3d Cir. 2008).

Federal courts in the Third Circuit deploy a three-step analysis when faced with motions to dismiss. First, the Court identifies "the elements [the] plaintiff must plead to state a claim." *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 675). Next, the Court identifies "allegations that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, the Court assumes the veracity of well-pleaded factual allegations, "and then determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679). For purposes of this analysis, the Court "accept[s] all factual allegations as true, [and] construe[s] the Complaint in the light most favorable to the Plaintiff." *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011).

When deciding a motion to dismiss, the Court may consider not only the allegations in the complaint, but also exhibits attached to the complaint. *Brady v. Vengroff Williams Inc.*, No. 22-5029, 2023 U.S. Dist. LEXIS 156522, *5-6 (E.D. Pa. Sept. 5, 2023).

## III.   DISCUSSION

### A.   Federal Claims Against Northampton County District Attorney's Office

Plaintiff's Complaint contains 42 U.S.C. § 1983 claims against the Northampton County District Attorney's Office. Defendant District Attorney's Office contends it is not an entity amenable to suit under § 1983. While Defendant relies on an applicable Third Circuit case, *see Reitz v. Cty. Of Bucks*, the instant question remains far from established in this Circuit. 125 F.3d 139, 148 (3d Cir. 1997) ("[DA's Office] is not an entity for purposes of § 1983 liability."); *but see Sourovelis v. City of Philadelphia,* 103 F.Supp. 3d 694, 711-12 (E.D. Pa. 2015) ("[T]he Court concludes that [*Reitz* does not] bar suit against the D.A.'s Office under the circumstances of this case."); *Quintero v. City of Reading Police Dep't*, No. 24-3025, 2024 U.S. Dist. LEXIS 138023, *10 (E.D. Pa. Aug. 2, 2024) (finding question unclear in this district).

However, even assuming for the purposes of the instant motion that the Northampton County District Attorney's Office could be subject to liability, the Complaint fails to state a claim upon which relief can be granted. Under § 1983, "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State… subjects or causes to be subject, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured…" 42 U.S.C. § 1983. The doctrine of respondeat superior is not a basis for rendering municipalities liable, instead Plaintiff must show a policy, custom, statement, ordinance,

3

regulation, or the like to support liability under the statute. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).

The alleged custom or policy must go beyond mere conclusory statements. *McTernan v. City of New York*, 564 F.3d 636, 658-59 (3d Cir. 2009). Policy is made when "a decisionmaker possessing final authority to establish a municipal policy with respect to the action issues an official proclamation, policy, or edict." *Id.* A custom is established when "though not authorized by law, 'such practices of state officials [are] so permanently and well-settled' as to virtually constitute law." *Id.* (internal citations omitted). In addition, custom "requires proof of knowledge and acquiescence by the decisionmaker." *Id.* (internal citations omitted).

Here, Plaintiff fails to plausibly allege the District Attorney's Office had a policy or custom that led to the violation of his rights. Instead, he makes conclusory allegations with no factual support that such policy to conduct minimal investigations exists. In his response he claims "discovery is necessary to show that a custom exists, and to comply with the Supreme Court's holdings… that a plaintiff['s] complaint[] must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Pl. Memo. in Opp. to DA, ECF No. 20 at 15 (internal citations and quotations omitted). However, this flips the pleading requirement on its head by contending the insufficient complaint must survive the motion to dismiss so Plaintiff can obtain enough evidence to meet the standard *to survive a motion to dismiss.* Since the Complaint fails to meet the standard at the relevant time, it is dismissed without prejudice.

    **B.**    **Federal Claims Against Officer Mythril**

        **1.**    **Fourth Amendment False Arrest**

Count I of Plaintiff's Complaint alleges a federal claim of false arrest against Officer Mythril. Officer Mythril contends both that this claim is barred by the statute of limitations and

the Complaint fails to state a claim for relief. The Court agrees, and Count I is dismissed.

To determine when the statute of limitations expires on a § 1983 claim, the Court looks to the "underlying state's statute of limitations for personal-injury torts." *Medina v. Allentown Police Dep't*, No. 23-2055, 2023 U.S. App. LEXIS 29756, *4 (3d Cir. 2023) (internal citations and quotations omitted). The statute of limitations for false arrest in Pennsylvania is two years. *Id.* "While state law governs the applicable statute of limitations, federal law controls when a § 1983 claim accrues." *Id.* (internal citations omitted). "Under federal law, false arrest and false imprisonment claims accrue on the earlier [of] two dates: 'when the false imprisonment ends with the plaintiff's release' or 'if the plaintiff remains detained, … [] the false imprisonment ends with the issuance of legal process – when, for example, the plaintiff is brought before a magistrate." *Id.* (quoting *Dibrell v. City of Knoxville, Tenn.*, 984 F.3d 1156, 1162 (6th Cir. 2021)).

Plaintiff alleges "[o]n or about June 19, 2020, Defendant Mythril filed [the charge] against [him,]" and "[a]fter the charge was filed against [him,] he was arraigned before a District Judge." Compl., ECF No. 1 at ¶¶ 13-15. "Thereafter, the District Justice set bail as to the criminal charge against the Plaintiff, which subjected the Plaintiff to strict conditions of the bail Order." *Id.* at ¶ 16. "Any non-compliance by the Plaintiff while on supervision, . . . would have resulted in bail revocation and incarceration." *Id.* Therefore, based on the allegations in the Complaint, Plaintiff's false arrest claim began to accrue either on or shortly after June 19, 2020.[2] As Plaintiff waited until

---

[2]     Since neither party has provided the Court with the date of Plaintiff's arraignment, nor has the Court been able to find it within public records, it is unable to confirm the exact date of issuance of legal process. However, attached to Plaintiff's Complaint is Court of Common Pleas Judge Dally's Order detailing that Plaintiff filed a Pretrial Omnibus Motion on April 19, 2021 and reserved the right to file additional motions "while discovery was ongoing." Therefore, it is clear that the legal process was initiated prior to April 19, 2021. Even taking this date as the start of legal process, the statue of limitations would have expired April 19, 2023. Because Plaintiff failed to file the instant Complaint until December 2023, it is time barred.

December 15, 2023 to file the instant Complaint, the claim falls outside of the statute of limitations and is dismissed with prejudice.[3]

### 2.    Fourth Amendment Malicious Prosecution

A § 1983 malicious prosecution claim requires that: "(1) defendant[] initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) defendant[] acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Lozano v. N.J.*, 9 F.4th 239, 247 (3d Cir. 2021). "In most circumstances, a plaintiff cannot proceed against a police officer for a claim of malicious prosecution because a prosecutor, not a police officer, initiates criminal proceedings against an individual." *Hall v. City of Phila. L. Dep't*, No. 19-0110, 2020 U.S. Dist. LEXIS 180196 (E.D. Pa. Sept. 30, 2020) (internal citations omitted). "However, a police officer may be held to have initiated a criminal proceeding if he knowingly provided false information to the prosecutor or otherwise interfered with the prosecutor's informed discretion." *Harris v. City of Phila.*, No. 97-3666, 1998 U.S. Dist. LEXIS 12640, *13 (E.D. Pa. August 14, 1998). "In such

---

Plaintiff contends that the statue of limitations does not begin until he was found innocent of the criminal charges. This misconstrues the law.

[3]    The Court further finds that even if the claim was made within the applicable statute of limitations, the Complaint fails to state a claim upon which relief can be granted. Plaintiff again assets that the Complaint "raises a reasonable expectation that discovery will reveal the existence of [the] elements," but misses the mark on the necessity that the Complaint contain sufficient factual allegations excepted as true to state a claim for relief. *See* Pl. Response in Opp. to Officer, ECF No. 21 at 13. The instant complaint contains only conclusory allegations that Plaintiff was arrested without probable cause and Officer Mythril ignored exculpatory evidence. Since the only fact alleged in the Complaint is that Officer Mythril did not speak to Plaintiff prior to filing the charge, and it is not necessary for officers to do so, the Complaint fails to state a claim. *See Casselli v. City of Phila.*, No. 13-6279, 2016 U.S. Dist. LEXIS 143847, at *17 (E.D. Pa. Oct. 18, 2016) ("A decision not to continue to gather information once probable cause exists is not a constitutional violation.").

cases, 'an intelligent exercise of the … [prosecutor's] discretion becomes impossible,' and a prosecution based on the false information is deemed 'procured by the person giving the false information.'" *Id.* at *13-14 (quoting Restatement 2d Torts § 653, cmt. g.).

The Complaint does not allege Officer Mythril knowingly provided false information or interfered with the prosecutor's discretion. Therefore, this Count is dismissed without prejudice.

### 3. Procedural Due Process

Counts I and II of the Complaint contain allegations of both procedural and substantive due process violations. However, because Plaintiff fails to allege what process he was owed and denied, he fails to carry his burden of demonstrating that Defendant's conduct deprived him of any procedural due process rights. *See Washington v. Hanshaw*, 552 F. App'x 169, 174 (3d Cir. 2014). These claims are dismissed without prejudice.

### 4. Failure to Intervene

While it is unsettled law in the Third Circuit whether § 1983 liability for failure to intervene extends to claims of false arrest, even assuming it does, Plaintiff fails to state a claim. *See Brown v. Harris*, No. 20-5354, 2022 U.S. Dist. LEXIS 49023, *11 (E.D. Pa. March 18, 2022) ("The Third Circuit has yet to extend this theory of liability to the context of false arrest or false imprisonment."); *see also Brackbill v. Ruff*, No. 22-1628, 2023 U.S. App. LEXIS 22323, *7 (3d Cir. 2023) (finding issue need not be decided at time). Here, the Complaint fails to adequately plead a claim for false arrest. Therefore, there can be no failure to intervene absent a constitutional violation. This count is dismissed without prejudice.

### C. State Law Claims

Upon granting Defendants' motions to dismiss the above referenced claims, the remaining counts in the Complaint allege only state law claims. Pursuant to 28 U.S.C. § 1367(c)(3), a federal

court may decline to exercise supplemental jurisdiction over state law claims when it dismisses all claims over which it has original jurisdiction. *See, e.g., Doe v. Mercy Medical Center*, 850 F.3d 545, 567 (3d Cir. 2017) (citing *Elkadrawy v. Vanguard Grp., Inc.*, 584 F.3d 169, 174 (3d Cir. 2009)). "A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing U.S.C. § 1367(c)(3)). Typically, when "all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Given this guidance, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining claims. They will be dismissed without prejudice so that Plaintiffs may bring them in state court. *See Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009).

### IV.   CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss (ECF Nos. 16 and 19) are **GRANTED**. An appropriate Order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge